

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 6, 1958

Honorable Ralph T. Green
Director
Texas Commission on Higher
    Education
308 W. 15th Street
Austin 1, Texas

Dear Mr. Green:

Opinion No. WW-510

Re: Is the specific prior
approval of the Commis-
sion required for Texas
Woman's University to
establish the proposed
program in nursing?

      At present, the Texas Woman's University offers, and
prior to September 1, 1956, offered a degree in nursing in its
College of Nursing. During the freshman year and during one-
half of the senior year, each student is on the campus in
Denton, Texas. During the intervening two and one-half years,
the student is in resident clinical training in the Dallas
County Hospital System. The maximum number of students who
can be trained in Dallas has been reached. Without additional
clinical facilities, the nursing program cannot be enlarged or
expanded to meet the need for additional trained nurses.

      In view of this limitation in the Dallas facilities,
it has been proposed that arrangements be made with the Texas
Medical Center, Inc. of Houston, Texas, to furnish facilities
for clinical training in Houston so that more nurses can be
graduated. The question presented here is whether or not the
expansion of the nursing program by the use of the Houston
facilities, in addition to the Dallas facilities, constitutes
a "new degree program" within the meaning of Section 11 of the
Act creating the Texas Commission on Higher Education.

      The Texas Commission on Higher Education was created
by Acts 54th Legislature, Regular Session, 1955, page 1217,
Chapter 487. Sections 6 and 11 of said Act provide in part:

      ". . . The Commission shall establish rules and
regulations not inconsistent with and limited to
carrying out the provisions of this Act.

      ". . . No new department, degree program, or
certificate program shall be added at any State-
supported college or university after September 1,
1956, except by the specific prior approval by the
Commission. . . ."

Effective January 13, 1958, and pursuant to the authority contained in the Act to establish rules and regulations, the Commission adopted REGULATION NUMBER ONE in which <u>degree program</u> was defined as, ". . . the pattern of academic requirements which the institution sets and which students must satisfy as the basis for the institution to award a particular degree." <u>New degree program</u> was defined as, ". . . any degree program which was not authorized and available as an offering of the institution on September 1, 1956 . . .".

No change in the pattern of academic requirements for the nursing degree is contemplated. The Houston facilities would be the same type as the Dallas facilities. The use of additional facilities of the same type would be an enlargement or expansion. Thus, since the pattern of academic requirements would remain the same, and since the proposal involved here is actually an expansion of an existing "degree program", there is no new degree program.

Prior to the adoption of REGULATION NUMBER ONE defining these terms, Attorney General's Opinion WW-10, dated January 29, 1957, went into the question of the application of the Act to a proposal by the Agricultural and Mechanical College of Texas to establish and operate in Arlington a graduate engineering division of the Agricultural and Mechanical College, using the facilities of Arlington State College. There, the proposed offering was designed to meet the needs of a limited group in a particular area at the campus of another college. The proposal would establish a new extension program since it was not being offered off-campus at the time. We held that the proposal constituted a "new degree program." If the degree program had been offered off-campus from a time prior to September 1, 1956, until the proposed offering at Arlington, our opinion would have been different. The clinical phases of the nursing program of the Texas Woman's University have been taught off-campus from a time prior to September 1, 1956, until the present.

We conclude, therefore, that the use of the facilities of the Texas Medical Center, Inc. by the Texas Woman's University is merely an expansion of an existing degree program and does not constitute a new degree program within the meaning of Section 11 and does not require the specific prior approval by the Texas Commission on Higher Education.

The scope of this opinion is necessarily limited to the question presented and does not pass on any other aspect of

the proposed arrangement between the University and the Center. It should be noted, however, that Section 11 of the Act also provides that, "The Commission shall order the consolidation or elimination of programs where such action is in the best interest of the institutions themselves and the general requirements of the State of Texas, . . .".

## SUMMARY

The specific prior approval of the Texas Commission on Higher Education is not required for the Texas Woman's University to use the facilities offered by the Texas Medical Center, Inc. in its collegiate nursing program, since the same does not constitute a new degree program within the meaning of Section 11, Senate Bill No. 145, Acts 54th Legislature, Regular Session, 1955, Chapter 487, page 1217.

Sincerely,

WILL WILSON
Attorney General of Texas

By Jay Howell
Assistant

JH:mg

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Houghton Brownlee, Jr.
Wayland C. Rivers, Jr.
Richard B. Stone
Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert